The Watkins Land Company, *a Corporation*, v.
Nathan Creps *et al.*

No. 14,308.    (83 Pac. 969.)

SYLLABUS BY THE COURT.

Contracts—*Timber Claim—Sale before Patent.* Section 2 of
the act of congress of June 14, 1878, entitled "An act to
amend an act entitled 'An act to encourage the growth of
timber on the Western prairies'" (20 U. S. Stat. at L., ch.
190, p. 113), is not an inhibition on the privilege of a person
who enters land and cultivates timber thereon to contract,
before he secures his patent, to sell the land after he makes
his final proof, and such a contract is not void by reason of
the provisions of such section.

Error from Edwards district court; Charles E.
Lobdell, judge. Opinion filed December 9, 1905. Af-
firmed.

*R. W. Turner,* and *A. C. Mitchell,* for plaintiff in
error.

*F. Dumont Smith,* for defendant in error R. E. Ed-
wards.

The opinion of the court was delivered by

Greene, J.:   This suit was brought by the Watkins
Land Company to foreclose its mortgage upon certain
land described in its petition, which named Nathan
Creps and Mary O. Creps, the mortgagors, and R.
E. Edwards, a claimant to the land, as defendants.
The two Creps answered admitting the execution of
the note and mortgage, but denying the allegations
of the answer and cross-petition of Edwards.   The
defendant Edwards answered that he was the equi-
table owner of the land; that prior to the execution of
the mortgage he had purchased the land from Creps
and had paid him the purchase-price therefor; that
he immediately went into actual possession of the land,
and had ever since that time been in the actual, open,
notorious and exclusive possession thereof, and had

made lasting and valuable improvements thereon; that Creps and his wife had neglected and refused to make him a deed therefor; that at the time of the execution of the mortgage in question the mortgagors had no interest in the land and held only the legal title thereto.

The cause was tried without a jury, and the court made special findings, among which are the following: That Edwards purchased the land of Creps on the 26th day of March, 1890, and paid him the agreed consideration therefor; that he took immediate possession and made lasting and valuable improvements thereon; that Edwards paid the taxes on the land in 1890 and 1891, and had ever since 1891 been in open, notorious and exclusive possession; and that on April 5, 1892, Creps executed to plaintiff the mortgage set out in the petition. Upon these and other findings not necessary for the purposes of this opinion the court rendered judgment for Edwards.

The plaintiff in error makes three contentions: First, that the answer filed by Edwards did not state sufficient facts to admit testimony of his claim. This contention cannot be sustained. The answer was amply sufficient.

The next contention is that the evidence did not establish the fact that Edwards had purchased the land or had taken immediate possession at the time alleged. Edwards testified that he purchased the land at the time stated in his answer; that he paid the full contract price therefor; that he immediately went into possession and fenced it; and that he had been in open, notorious and uninterrupted possession thereof since that time. Although some of these facts were strenuously denied by Creps, it was the duty of the trial court to weigh these conflicting statements and determine what the truth was, and, having done so, we are not at liberty to say that the court erred in determining upon which side the evidence preponderated.

The last contention is that the alleged contract between Edwards and Creps for the purchase of the land,

having been made before Creps made his final proof, was void under section 2 of an act of congress passed June 14, 1878, being "An act to amend an act entitled 'An act to encourage the growth of timber on the Western prairies'" (20 U. S. Stat. at L., ch. 190, p. 113). Creps acquired title to this land under this act. Section 2 provides:

"That the person applying for the benefits of this act shall, upon application to the register of the land district in which he or she is about to make such entry, make affidavit, before the register or the receiver, or the clerk of some court of record, or officer authorized to administer oaths in the district where the land is situated; which affidavit shall be as follows, to wit: I, ———, having filed my application, number ——, for an entry under the provisions of an act entitled 'An act to amend an act entitled "An act to encourage the growth of timber on the Western prairies," ' approved ———, 187—, do solemnly swear (or affirm) that I am the head of a family (or over twenty-one years of age), and a citizen of the United States (or have declared my intention to become such) ; that the section of land specified in my said application is composed exclusively of prairie lands, or other lands devoid of timber; that this filing and entry is made for the cultivation of timber, and for my own exclusive use and benefit; that I have made the said application in good faith, and not for the purpose of speculation, or directly or indirectly for the use or benefit of any other person or persons whomsoever; that I intend to hold and cultivate the land, and to fully comply with the provisions of this said act; and that I have not heretofore made an entry under this act, or the acts of which this is amendatory."

The contention is that in view of the provisions of this section the contract between Edwards and Creps was a fraudulent conspiracy to defeat the purpose of the timber-culture law of the United States. As expressed by defendant in error Edwards in his brief:

"This might have some force if the land in question were a homestead or preemption, but has no force as applied to a timber claim. As to the first two the statute expressly prohibits contracts prior to final

proof and declares them invalid. There is no such prohibition as to timber claims. The consideration in the two former cases is actual occupancy by the settler with intent to make it his home. In the latter the consideration is the planting and cultivation of the timber, and the government was indifferent as to who carried out the terms of the contract."

It appears that Creps did comply with the oath he took when he made his application for the privilege of entering this land under this act. He planted and cultivated the amount and kind of timber required, and for the time required, and by reason thereof obtained his patent. The affidavit is only required to show the good intention of the applicant to cultivate the timber. It follows that the judgment must be affirmed.

All the Justices concurring.